IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,804-02






EX PARTE HANNAH RUTH OVERTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-CR-3624-F IN THE 214TH DISTRICT COURT


FROM NUECES COUNTY






 Cochran, J., filed a statement concerning the remand order in which Price
and Johnson, JJ., joined.



 I agree that this application for a writ of habeas corpus should be remanded to the trial
court for further development on the claims set out in the remand order. I think that we
should give more explicit guidance to the trial court, however, as this appears to be a capital-murder conviction that depends, in many respects, upon the scientific validity and accuracy
of the medical testimony offered into evidence at the original trial. 

 The judiciary must be ever vigilant to ensure that verdicts in criminal cases are based
solely upon reliable, relevant scientific evidence-scientific evidence that will hold up under
later scrutiny. I have previously expressed my concern about "the fundamental disconnect
between the worlds of science and of law." Ex parte Robbins, No. AP-76464, ___ S.W.3d
___, 2011 WL 2555665 at *19 (Tex. Crim. App. June 29, 2011) (Cochran, J., dissenting).

 This disconnect between changing science and reliable verdicts that can stand
the test of time has grown in recent years as the speed with which new science
and revised scientific methodologies debunk what had formerly been thought
of as reliable forensic science has increased. The potential problem of relying
on today's science in a criminal trial (especially to determine an essential
element such as criminal causation or the identity of the perpetrator) is that
tomorrow's science sometimes changes and, based upon that changed science,
the former verdict may look inaccurate, if not downright ludicrous. But the
convicted person is still imprisoned. Given the facts viewed in the fullness of
time, today's public may reasonably perceive that the criminal justice system
is sometimes unjust and inaccurate. Finality of judgment is essential in
criminal cases, but so is accuracy of the result--an accurate result that will
stand the test of time and changes in scientific knowledge. 

Id. The problem in this case, as in Robbins, is not that the science itself has evolved, but that
it is alleged that the scientific testimony at the original trial was not fully informed and did
not take into account all of the scientific evidence now available.

 It would be helpful, in deciding the merits of applicant's various claims, if the trial
court 


 explored, in detail, the discrepancy between the sodium levels found in the
child victim's stomach and that found in his blood, so that the trial court, and
this Court, can assess the scientific significance of that discrepancy;
 assessed the mathematical accuracy of the expert testimony concerning the
amount of Zatarain's seasoning-taking into account the percentage of sodium
in that seasoning- necessary to raise the victim's blood sodium level to the
level of 245 mEq/L as it was measured at the hospital;


 

 determined what scientific studies and peer-reviewed treatises or articles
support the State's theory of causation? What scientific studies and peer-reviewed treatises or articles support applicant's theory of causation? Did the
jury have sufficient scientific information necessary to make a reliable and
accurate determination of the cause of A.B.'s death? Would the same jury,
deliberating today, be convinced, beyond a reasonable doubt, of the same
cause of death, based upon all of the now-available evidence? And, if so,
would that same jury, deliberating today, be convinced, beyond a reasonable
doubt, that applicant caused A.B.'s death "by failing to provide or seek
adequate and/or timely medical care or treatment" or by causing him to "ingest
a substance containing acute toxic levels of sodium"?


 

 These are not easy issues, but fairness both to the applicant who is serving a sentence
of life without parole and to the State and the memory of the child victim, demands that our
verdicts will withstand the test of time such that the guilty are punished and the innocent are
not. Further, public support of the American criminal justice system depends upon its
confidence that the courts reach accurate verdicts based upon reliable scientific evidence.

Filed: February 8, 2012

Do Not Publish